UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| ISAIAH ADKINS; KENNETH ALDERETE; LONNIE D. ALEXANDER; JOHN ALLEN; CHRISTOPHER ALMANZAR; LEON ALMANZAR; MICHAEL W. ANDERSON; JOSEPH D. APODACA; THERESA ARAGON; CHRISTINE M. ARCHULETA; SINFER ARCHULETA; ESTATE OF BARBARA ARELLANO; CARLOS J. ARELLANO; RAUL R. ARELLANO; ESTATE OF RANDALL ARMIJO; RUTH A. ARMIJO; JANICE BACA; GLENDA RUTH BALAS; ABENICIO BALDONADO; CHRIS J. BERNAL; JONATHAN BERNAL; CYNTHIA BLESKAN; GUSTAV R. BODNER; JANET BRANCHAL; STEVE BRUNING; CAMP MONAKIWA, PANHANDLE PLAINS COUNCIL, CAMP FIRE, UTA, A TEXAS NON-PROFIT CORPORATION; ADAM CAMPOS; MARCELLA O. CANNONE; MICHAEL A. CANNONE; GUILLERMO CASTELLANO; JOSE P. CHAVEZ; MARY E. CHAVEZ; ROGER A. CHAVEZ; VINCENT CHAVEZ; LORRAINE M. CHERRY; CHRISTMAS TREE CANYON ROAD ASSOCIATION; MARY A. COCA; JAMES W. COLEMAN; TAMI LEE COMPTON; STEVEN CONAWAY; SUNNYE L. CONAWAY; DIANA CORDOVA; GEORGE L. COWDEN JR.; ADAM W. CRAIG; CARROLL CRAIG; DWAYNE CRAIG; RAMONA M. CRESPIN; ESTATE OF BENJAMIN L. CRUZ; JOSE E. DE HERRERA; MARIA DELROSARIO GUEVARA; ELIZABETH ANNE DEMARE; JOHN M. DIBBLE; DESTINY | No. |

DOMINGUEZ; HARMON O. DONALD III; KIMBERLY DURAN MAES; ALPHA DURAN; ISAAC DURAN; STEPHEN E. DURAN; CELINA A. DURAN-VIGIL; BENSON DURUAKU; JOHN J. ELLIS III; FABIOLA M. ESPINOZA; MARIO ESQUIBEL; HERSHEL ESSARY; MARVIN ESTRADA; THERESA A. ESTRADA; BARBARA E. EWING; JOHN T. FERNANDEZ; PATRICIA A. FLORES; SARAH I. FLORES; CONNIE GALLEGOS; ELIZABETH M. GALLEGOS; MIGUEL J. GALLEGOS; ROBERT J. GALLEGOS; ADAM GARCIA; ANDRE M. GARCIA; BESSIE GARCIA; JOSE Z. GARCIA JR.; ERNEST J. GARCIA JR.; KATIE GARCIA; LOUISE I. GARCIA; MARK A. GARCIA; MELVIN M. GARCIA; PAULINE G. GARCIA; ROBERT GARCIA; TOMMY GARIEPY; LEORA R. GOMEZ; ELOY GONZALES; FIDELA GONZALES; JANE GONZALES; VIRGINIA GONZALES; MARTIN GRIEGO; JOHN R. GURULE; TONITA GURULE; BETTY L. O. GUTIERREZ; CARLOTA R. GUTIERREZ; BARBARA JUNE HARRISON; LOLLY HATHHORN; MICHAEL HAYES JR.; MICHAEL R. HAYES; LETITIA M. HENLEY; MARY JARES HERRERA; SHIRLEY HERRERA; SARAH KATHRYN HUBER; STEPHEN G. HUGHES; DAVID W. JEFFREY SR.; KEVIN A. JEFFREY; BRUCE D. JOHNSON; ESTATE OF JEFFREY KIRSCH; JOHN RICHARD KITCHURA; CYNTHIA A. LEE; REBECCA A. LEONARD; MELISSA M. LESSE; ANDREW LEYBA; JOSEPH LEYBA; LOS SANCHEZ PROPERTIES LLC; DESTINEY R. LOVATO; ERNESTO LUJAN; KENNETH R. LUJAN; TAMARA M. LUJAN; LUMSDEN-NAKASONE

LIVING TRUST; BENITO J. MAES; CHARLENE A. MAES; EBONY E. MAES; MICHAEL J. MAES; LAWRENCE R. MAESTAS; MICHAEL G. MAESTAS; MARIA L. MARES; PETER MARES; ANTHONY MARQUEZ; ALVIN L. MARTINEZ; JERRY J. MARTINEZ; JONATHAN E. MARTINEZ; JOSEPH MARTINEZ; MARIA C. MARTINEZ; MICHAEL A. MARTINEZ; NANCY JEAN MARTINEZ; OFELIA MARTINEZ; TIMITHEY A MARTINEZ; CEDAR MARTYN; ANTONIA I. MASCARENAS; JOHN MCCLENAHAN; JOSHUA E. MCCLENAHAN; DONALD R. MCFADDEN; AMY MCFALL; HEATHER MELHUS; FERSHEED MODY; CHARLES MONTOYA; FLORA A. MONTOYA; MARIA MONTOYA; PAUL A. MONTOYA; TAMEERA M. MONTOYA; VICTOR P. MONTOYA; LIGIA E. MORFFE; HERBERT NUTTALL JR.; KAREN C. O'DAY; ERNESTO OLIVAS; CLEOFAS ORTIZ JR.; JERRY ORTIZ; MARIAELENA ORTIZ; JOSEPH F. PACHECO; ARTHUR J. PADILLA; LAZARO PALMA; JOHN W. PASCAL; JERRY W. PEASE; CLIFFORD E. PEKOC; LIZETH M. PEOBLE; PROSPERO L. PINO; STEPHANIE M. PISTNER; JANET PITTAWAY; GILBERT R. QUINTANA; TIMOTHY RAWLS; MICHAEL SHAD ROBERTSON; JOHN ROBISON; AUSTIN RODGERS; FRANK RODRIGUEZ; ALFONSO ROMERO; BRENDA L. ROMERO; CHARLEY ROMERO; DAVID ROMERO; DIANE ROMERO; EUGENE A. ROMERO; GEORGE J. ROMERO; HERMAN ROMERO; LEONARD W. ROMERO; MANUEL J. ROMERO; MARTIN ROMERO; PEDRO D. ROMERO; SELSO ROMERO; WAYNE J. ROPER; KENNY ERIC GUADALUPE ALBINO

ROYBAL; LORRAINE ROYBAL; RUBEN ROYBAL; JEFFREY D. RZEPECKI; MARIA J. SALAS; DANIEL SALMEN; CAROL SANCHEZ; JOHNNY SANCHEZ; JOSEPHINE SANCHEZ; SCOTT SANCHEZ; WILLIAM ANTHONY SANCHEZ; ANGELA SANCHEZ-MARTINEZ; KARA L. SANDIFER; MARGARET A. SANDOVAL PHILLIPS; CYNTHIA SANDOVAL; SANTA FE MOUNTAIN RANCH HOMEOWNER'S ASSOCIATION, INC., A NEW MEXICO DOMESTIC NONPROFIT CORPORATION; MICHAEL A. SCHMITT; MICHAEL SCHROETKE; DAVID L. SEDILLO; SUE ANN SENA; LOLA ANNE SERNA; MELISSA SERNA; MANUEL A. SILVA; LUCILLE SISNEROS; ESTATE OF JASON L. SMITH; VICKI STILES; JOHNNIE STROUSE; EUGENE STROUSE; TAPETES DE LANA, A NEW MEXICO DOMESTIC NONPROFIT CORPORATION; LINDA TAPIA; STACIE TEN BRINK; JUSTINE THOMSON; AMOS M. TORRES; EMILY TORRES; ROSS L. TORRES; JUDY TOWNLEY; DOROTHY TRUJILLO; EDWARD A. TRUJILLO; JUAN F. TRUJILLO; RYAN L. TRUJILLO; BARBARA TURPIN; KENNETH J. ULIBARRI; MARY UNDERWOOD; CARLITOS URIOSTE III; STEPHEN D. URIOSTE; BERNADETTE S. URRUTIA; GEORGE T. VASQUEZ; LORRAINE B. VASQUEZ; SARAH VASQUEZ; ALFRED J. VIGIL; AMANDA VIGIL; DANIEL A. VIGIL; IDA VIGIL; JOHN A. VIGIL; LIVORIO E. VIGIL; SARA VILLA; JOHN P. WALSH; CHAD WALTERS; JIMMY WEATHERS; TYLER WHITE; JOSEPH CARL WICKERT; CLAUDIA WIER; CHARLES DELANO WILLIAMSON; JAMES WOFFORD;

JOHN WOOLEY; JOHNNY N. YARA; GLORIA J. YOUNG;
*Plaintiffs*,
v.
FEDERAL EMERGENCY MANAGEMENT AGENCY AND DOES 1-20, INCLUSIVE,
*Defendants*.

# COMPLAINT

## INTRODUCTION

1. Plaintiffs are individuals damaged by the Hermit's Peak/Calf Canyon Fire ("Fire"), which were started by the federal government. The historic fire, and subsequent flooding, had devastating impacts on residents of New Mexico.

2. Congress enacted the Hermit's Peak/Calf Canyon Fire Assistance Act ("HPFAA" or the "Act") (Pub. L. 117-180, 136 State. 2168 (2022)) to compensate victims of the Hermit's Peak Fire for actual compensatory damages provided under New Mexico state law. Congress designated the Federal Emergency Management Agency's ("FEMA") as the Administrator of claims under the HPFAA and directed FEMA to expedite payments to victims of the Fire.

3. The HPFAA provides the right for judicial review of any final decision of the Administrator. Specifically, the HPFAA provides "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision, in whole or in part." Hermit's Peak Fire Assistance Act, Pub. L. No.

117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022). Plaintiffs have been aggrieved by FEMA's decision because it denies their actual compensatory damages permitted under New Mexico state law. FEMA has adopted an unlawful Final Rule that categorically excludes noneconomic damages from the HPFAA in violation of Plaintiffs' constitutional rights.

4. On March 31, 2025, this Court issued a Memorandum, Opinion and Order (the "Order") in various related actions, including *Gallegos v. FEMA*, No. CIV 24-0170 (D.N.M. Mar. 31, 2025), concluding that under the HPFAA, FEMA must provide judicially reviewable claim determinations within 180 days after a claimant's initial filing because the HPFAA mandates that FEMA "shall fix and determine the amount, if any, to be paid for the claim" within 180 days; that the HPFAA's sovereign-immunity waiver extends to claimants who do not receive internal administrative appeal decisions so long as those claimants follow the FEMA regulations that are consistent with the 180-day deadline, thereby satisfying the exhaustion requirement; that FEMA has further waived the exhaustion requirement in the sovereign-immunity waiver; and that the Administrative Procedure Act (APA)

plaintiffs state APA claims by plausibly alleging that FEMA's regulations violate the HPFAA's 180-day deadline, create an endless appeal process, deprive them of non-economic damages, and deny them a meaningful opportunity to be heard on those claims.

5. Plaintiffs now bring this civil action under section 104(i)(1) to modify or set aside FEMA's decision and award Plaintiffs the full amount of their actual compensatory damages permitted under New Mexico state law.

## JURISDICTION & VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a United States agency is a defendant.

7. This Court has jurisdiction under 28 U.S.C. § 2201–2202, because this action is brought by persons adversely affected by agency action. This Administrator's final decision of Plaintiffs' claims constitutes a final agency action subject to judicial review under the HPFAA section 104 (i)(1). Further, the Administrator's final decision shows an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). Accordingly, this Court has jurisdiction

pursuant to Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

8. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B)–(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial district, Plaintiffs reside in this judicial district, and/or section 104(i)(1) of the HPFAA expressly states a civil action seeking judicial review of the Administrator's final decision is to be filed in the United States District Court for the District of New Mexico.

## PARTIES

9. Plaintiffs are individuals who suffered property damage in the Fire and submitted claims to FEMA's Claims Office.

10. Plaintiff Isaiah Adkins submitted a claim to FEMA on or about February 05, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

11. Plaintiff Kenneth Alderete submitted a claim to FEMA on or about July 24, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial

determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

12. Plaintiff Lonnie D. Alexander submitted a claim to FEMA on or about June 20, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

13. Plaintiff John Allen submitted a claim to FEMA on or about July 21, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 03, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

14. Plaintiff Christopher Almanzar submitted a claim to FEMA on or about August 18, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

15. Plaintiff Leon Almanzar submitted claims to FEMA on or about September 16, 2024 and September 30, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

16. Plaintiff Michael W. Anderson submitted a claim to FEMA on or about July 19, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

17. Plaintiff Joseph D. Apodaca submitted a claim to FEMA on or about June 10, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

18. Plaintiff Theresa Aragon submitted a claim to FEMA on or about May 17, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

19. Plaintiff Christine M. Archuleta submitted claims to FEMA on or about May 10, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

20. Plaintiff Sinfer Archuleta submitted claims to FEMA on or about May 10, 2023 and October 04, 2024. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to the former claim, Plaintiff received FEMA's final determination on or about May 04, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically

excludes compensation for certain items of damages, such as noneconomic nuisance damages.

21. Plaintiff Estate of Barbara Arellano submitted a claim to FEMA on or about October 17, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

22. Plaintiff Carlos J. Arellano submitted claims to FEMA on or about October 24, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

23. Plaintiff Raul R. Arellano submitted claims to FEMA on or about June 15, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claims from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claims and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

24. Plaintiffs and Estate of Randall Armijo and Ruth A. Armijo submitted a claim to FEMA on or about June 01, 2023, pursuant to the HPFAA. Plaintiffs claimed, among other items, noneconomic nuisance damages. Plaintiffs received a partial determination of Plaintiffs' claim from FEMA. The decision provides less than Plaintiffs' actual compensatory damages provided in Plaintiffs' claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

25. Plaintiff Janice Baca submitted a claim to FEMA on or about August 20, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

26. Plaintiff Glenda Ruth Balas submitted a claim to FEMA on or about July 22, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

27. Plaintiff Abenicio Baldonado submitted a claim to FEMA on or about May 25, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in

Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

28. Plaintiff Chris J. Bernal submitted a claim to FEMA on or about April 26, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

29. Plaintiff Jonathan Bernal submitted a claim to FEMA on or about May 11, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about May 28, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

30. Plaintiff Cynthia Bleskan submitted claims to FEMA on or about June 07, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claims on or about March 7, 2025 and March 14, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claims and categorically

excludes compensation for certain items of damages, such as noneconomic nuisance damages.

31. Plaintiff Gustav R. Bodner submitted a claim to FEMA on or about March 25, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

32. Plaintiff Janet Branchal submitted a claim to FEMA on or about June 11, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

33. Plaintiff Steve Bruning submitted a claim to FEMA on or about September 27, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a

partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

34. Plaintiff Camp Monakiwa, Panhandle Plains Council, Camp Fire, UTA, a Texas Non-profit Corporation, submitted a claim to FEMA on or about February 06, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

35. Plaintiff Adam Campos submitted a claim to FEMA on or about July 22, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

36. Plaintiff Marcella O. Cannone submitted a claim to FEMA on or about May 28, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

37. Plaintiff Michael A. Cannone submitted a claim to FEMA on or about May 17, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

38. Plaintiff Guillermo Castellano submitted a claim to FEMA on or about July 15, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

39. Plaintiff Jose P. Chavez submitted a claim to FEMA on or about September 10, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

40. Plaintiff Mary E. Chavez submitted claims to FEMA on or about October 03, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

41. Plaintiff Roger A. Chavez submitted a claim to FEMA on or about July 24, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

42. Plaintiff Vincent Chavez submitted claims to FEMA on or about November 02, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 28, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to Plaintiff's other claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

43. Plaintiff Lorraine M. Cherry submitted a claim to FEMA on or about September 23, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

44. Plaintiff Christmas Tree Canyon Road Association submitted a claim to FEMA on or about March 03, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

45. Plaintiff Mary A. Coca submitted a claim to FEMA on or about April 17, 2023, pursuant to the HPFAA. Plaintiff claimed, among

other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 30, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. Plaintiff filed an Administrative Appeal with FEMA on March 5, 2025.

46. Plaintiff James W. Coleman submitted a claim to FEMA on or about January 17, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

47. Plaintiff Tami Lee Compton submitted a claim to FEMA on or about April 19, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

48. Plaintiff Steven Conaway submitted a claim to FEMA on or about June 04, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

49. Plaintiff Sunnye L. Conaway submitted a claim to FEMA on or about September 26, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

50. Plaintiff Diana Cordova submitted a claim to FEMA on or about September 03, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

51. Plaintiff George L. Cowden Jr. submitted a claim to FEMA on or about June 06, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

52. Plaintiff Adam W. Craig submitted claims to FEMA on or about May 22, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 09, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages,

such as noneconomic nuisance damages. With respect to Plaintiff's other claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

53. Plaintiff Carroll Craig submitted a claim to FEMA on or about July 21, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

54. Plaintiff Dwayne Craig submitted claims to FEMA on or about July 24, 2023 and July 31, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 03, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

55. Plaintiff Ramona M. Crespin submitted a claim to FEMA on or about August 12, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

56. Plaintiff Estate of Benjamin L. Cruz submitted a claim to FEMA on or about July 12, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

57. Plaintiff Jose E. De Herrera submitted claims to FEMA on or about September 19, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received FEMA's final determination of Plaintiff's claim on or about December 30, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, Plaintiff received a

partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

58. Plaintiff Maria Delrosario Guevara submitted a claim to FEMA on or about September 23, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

59. Plaintiff Elizabeth Anne deMare submitted a claim to FEMA on or about May 03, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

60. Plaintiff John M. Dibble submitted a claim to FEMA on or about May 25, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 22, 2025. The

final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

61. Plaintiff Destiny Dominguez submitted a claim to FEMA on or about July 26, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

62. Plaintiff Harmon O. Donald III submitted a claim to FEMA on or about October 01, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

63. Plaintiff Kimberly Duran Maes submitted a claim to FEMA on or about September 18, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

64. Plaintiff Alpha Duran submitted a claim to FEMA on or about June 16, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in

Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

65. Plaintiff Isaac Duran submitted claims to FEMA on or about September 18, 2023 and February 28, 2024. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim. With respect to Plaintiff's other claim, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

66. Plaintiff Stephen E. Duran submitted a claim to FEMA on or about April 03, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

67. Plaintiff Celina A. Duran-Vigil submitted claims to FEMA on or about April 25, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received FEMA's final determination of

Plaintiff's claim on or about March 20, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to Plaintiff's other claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

68. Plaintiff Benson Duruaku submitted a claim to FEMA on or about February 09, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

69. Plaintiff John J. Ellis III submitted a claim to FEMA on or about May 30, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in

Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

70. Plaintiff Fabiola M. Espinoza submitted a claim to FEMA on or about May 23, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

71. Plaintiff Mario Esquibel submitted a claim to FEMA on or about May 09, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

72. Plaintiff Hershel Essary submitted a claim to FEMA on or about November 14, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

73. Plaintiff Marvin Estrada submitted claims to FEMA on or about July 08, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

74. Plaintiff Theresa A. Estrada submitted a claim to FEMA on or about January 10, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

75. Plaintiff Barbara E. Ewing submitted a claim to FEMA on or about June 01, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 01, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

76. Plaintiff John T. Fernandez submitted a claim to FEMA on or about July 26, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

77. Plaintiff Patricia A. Flores submitted a claim to FEMA on or about July 25, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

78. Plaintiff Sarah I. Flores submitted a claim to FEMA on or about July 22, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

79. Plaintiff Connie Gallegos submitted a claim to FEMA on or about September 25, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

80. Plaintiff Elizabeth M. Gallegos submitted a claim to FEMA on or about July 31, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

81. Plaintiff Miguel J. Gallegos submitted a claim to FEMA on or about November 14, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a

partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

82. Plaintiff Robert J. Gallegos submitted a claim to FEMA on or about June 07, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

83. Plaintiff Adam Garcia submitted a claim to FEMA on or about August 29, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

84. Plaintiff Andre M. Garcia submitted a claim to FEMA on or about June 10, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in

Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

85. Plaintiff Bessie Garcia submitted a claim to FEMA on or about May 24, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

86. Plaintiff Jose Z. Garcia Jr. submitted a claim to FEMA on or about May 11, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

87. Plaintiff Ernest J. Garcia Jr. submitted claims to FEMA on or about October 30, 2023 and March 08, 2024. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as

noneconomic nuisance damages. With respect to Plaintiff's other claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

88. Plaintiff Katie Garcia submitted claims to FEMA on or about April 26, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received partial determinations of Plaintiff's claim from FEMA. The decisions provide less than Plaintiff's actual compensatory damages provided in Plaintiff's claims and categorically exclude compensation for certain items of damages, such as noneconomic nuisance damages.

89. Plaintiff Louise I. Garcia submitted a claim to FEMA on or about June 13, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 10, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

90. Plaintiff Mark A. Garcia submitted claims to FEMA on or about August 07, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

91. Plaintiff Melvin M. Garcia submitted a claim to FEMA on or about April 03, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

92. Plaintiff Pauline G. Garcia submitted a claim to FEMA on or about August 19, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

93. Plaintiff Robert Garcia submitted a claim to FEMA on or about April 26, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

94. Plaintiff Tommy Gariepy submitted a claim to FEMA on or about August 30, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

95. Plaintiff Leora R. Gomez submitted a claim to FEMA on or about October 07, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

96. Plaintiff Eloy Gonzales submitted a claim to FEMA on or about April 18, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

97. Plaintiff Fidela Gonzales submitted a claim to FEMA on or about April 18, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

98. Plaintiff Jane Gonzales submitted a claim to FEMA on or about October 03, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

99. Plaintiff Virginia Gonzales submitted a claim to FEMA on or about June 13, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

100. Plaintiff Martin Griego submitted a claim to FEMA on or about September 26, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

101. Plaintiff John R. Gurule submitted a claim to FEMA on or about June 11, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

102. Plaintiff Tonita Gurule submitted a claim to FEMA on or about July 19, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial

determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

103. Plaintiff Betty L. O. Gutierrez submitted a claim to FEMA on or about July 19, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

104. Plaintiff Carlota R. Gutierrez submitted a claim to FEMA on or about March 05, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

105. Plaintiff Barbara June Harrison submitted a claim to FEMA on or about August 25, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

106. Plaintiff Lolly Hathhorn submitted a claim to FEMA on or about October 09, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

107. Plaintiff Michael Hayes Jr. submitted a claim to FEMA on or about January 19, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

108. Plaintiff Michael R. Hayes submitted a claim to FEMA on or about August 28, 2023, pursuant to the HPFAA. Plaintiff claimed,

among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

109. Plaintiff Letitia M. Henley submitted a claim to FEMA on or about February 20, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

110. Plaintiff Mary Jares Herrera submitted a claim to FEMA on or about June 04, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

111. Plaintiff Shirley Herrera submitted a claim to FEMA on or about February 09, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

112. Plaintiff Sarah Kathryn Huber submitted a claim to FEMA on or about June 23, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

113. Plaintiff Stephen G. Hughes submitted a claim to FEMA on or about August 11, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

114. Plaintiff David W. Jeffrey Sr. submitted a claim to FEMA on or about October 15, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

115. Plaintiff Kevin A. Jeffrey submitted a claim to FEMA on or about September 09, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

116. Plaintiff Bruce D. Johnson submitted a claim to FEMA on or about April 20, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

117. Plaintiff Estate of Jeffrey Kirsch submitted a claim to FEMA on or about April 20, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

118. Plaintiff John Richard Kitchura submitted a claim to FEMA on or about August 17, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a

partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

119. Plaintiff Cynthia A. Lee submitted a claim to FEMA on or about June 03, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

120. Plaintiff Rebecca A. Leonard submitted a claim to FEMA on or about September 11, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

121. Plaintiff Melissa M. Lesse submitted a claim to FEMA on or about July 09, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

122. Plaintiff Andrew Leyba submitted claims to FEMA on or about July 18, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received partial determinations of Plaintiff's claims from FEMA. The decisions provide less than Plaintiff's actual compensatory damages provided in

Plaintiff's claims and categorically exclude compensation for certain items of damages, such as noneconomic nuisance damages.

123. Plaintiff Joseph Leyba submitted a claim to FEMA on or about October 17, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

124. Plaintiff Los Sanchez Properties LLC submitted a claim to FEMA on or about May 22, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 03, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

125. Plaintiff Destiney R. Lovato submitted a claim to FEMA on or about September 16, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

126. Plaintiff Ernesto Lujan submitted claims to FEMA on or about July 29, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

127. Plaintiff Kenneth R. Lujan submitted claims to FEMA on or about September 23, 2024 and September 26, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

128. Plaintiff Tamara M. Lujan submitted a claim to FEMA on or about May 23, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

129. Plaintiff Lumsden-Nakasone Living Trust submitted a claim to FEMA on or about October 23, 2023, pursuant to the HPFAA.

Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

130. Plaintiff Benito J. Maes submitted a claim to FEMA on or about August 17, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 18, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

131. Plaintiff Charlene A. Maes submitted a claim to FEMA on or about July 19, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

132. Plaintiff Ebony E. Maes submitted a claim to FEMA on or about April 20, 2023, pursuant to the HPFAA. Plaintiff claimed, among

other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

133. Plaintiff Michael J. Maes submitted a claim to FEMA on or about May 02, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

134. Plaintiff Lawrence R. Maestas submitted a claim to FEMA on or about March 06, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

135. Plaintiff Michael G. Maestas submitted a claim to FEMA on or about June 11, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 06, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

136. Plaintiff Maria L. Mares submitted a claim to FEMA on or about December 11, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 12, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

137. Plaintiff Peter Mares submitted claims to FEMA on or about May 08, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

138. Plaintiff Anthony Marquez submitted a claim to FEMA on or about March 01, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

139. Plaintiff Alvin L. Martinez submitted claims to FEMA on or about April 17, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received partial determinations of Plaintiff's claims from FEMA. The decisions provide less than Plaintiff's actual compensatory damages provided in Plaintiff's claims and categorically exclude compensation for certain items of damages, such as noneconomic nuisance damages.

140. Plaintiff Jerry J. Martinez submitted a claim to FEMA on or about December 11, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

141. Plaintiff Jonathan E. Martinez submitted a claim to FEMA on or about January 23, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

142. Plaintiff Joseph Martinez submitted a claim to FEMA on or about October 09, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

143. Plaintiff Maria C. Martinez submitted a claim to FEMA on or about July 12, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

144. Plaintiff Michael A. Martinez submitted a claim to FEMA on or about March 14, 2023, pursuant to the HPFAA. Plaintiff claimed,

among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 08, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

145. Plaintiff Nancy Jean Martinez submitted a claim to FEMA on or about January 30, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

146. Plaintiff Ofelia Martinez submitted a claim to FEMA on or about February 12, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

147. Plaintiff Timithey A. Martinez submitted a claim to FEMA on or about April 25, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

148. Plaintiff Cedar Martyn submitted a claim to FEMA on or about April 04, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 27, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

149. Plaintiff Antonia I. Mascarenas submitted a claim to FEMA on or about February 22, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

150. Plaintiff John McClenahan submitted a claim to FEMA on or about May 23, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

151. Plaintiff Joshua E. McClenahan submitted a claim to FEMA on or about October 02, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

152. Plaintiff Donald R. McFadden submitted a claim to FEMA on or about August 21, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 14, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

153. Plaintiff Amy McFall submitted a claim to FEMA on or about March 15, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

154. Plaintiff Heather Melhus submitted a claim to FEMA on or about July 12, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

155. Plaintiff Fersheed Mody submitted a claim to FEMA on or about July 16, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

156. Plaintiff Charles Montoya submitted a claim to FEMA on or about November 03, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

157. Plaintiff Flora A. Montoya submitted a claim to FEMA on or about October 02, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

158. Plaintiff Maria Montoya submitted a claim to FEMA on or about July 10, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

159. Plaintiff Paul A. Montoya submitted a claim to FEMA on or about October 07, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

160. Plaintiff Tameera M. Montoya submitted a claim to FEMA on or about February 01, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

161. Plaintiff Victor P. Montoya submitted a claim to FEMA on or about November 07, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

162. Plaintiff Ligia E. Morffe submitted a claim to FEMA on or about July 05, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

163. Plaintiff Herbert Nuttall Jr. submitted a claim to FEMA on or about August 04, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

164. Plaintiff Karen C. O'Day submitted a claim to FEMA on or about July 16, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

165. Plaintiff Ernesto Olivas submitted a claim to FEMA on or about July 21, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

166. Plaintiff Cleofas Ortiz Jr. submitted a claim to FEMA on or about October 02, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

167. Plaintiff Jerry Ortiz submitted a claim to FEMA on or about October 03, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

168. Plaintiff Mariaelena Ortiz submitted claims to FEMA on or about November 08, 2023 and November 18, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received partial determinations of Plaintiff's claims from FEMA. The decisions provide less than Plaintiff's actual compensatory damages provided in Plaintiff's claims and categorically exclude compensation for certain items of damages, such as noneconomic nuisance damages.

169. Plaintiff Joseph F. Pacheco submitted a claim to FEMA on or about August 13, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

170. Plaintiff Arthur J. Padilla submitted a claim to FEMA on or about October 11, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in

Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

171. Plaintiff Lazaro Palma submitted a claim to FEMA on or about August 05, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

172. Plaintiff John W. Pascal submitted claims to FEMA on or about December 12, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

173. Plaintiff Jerry W. Pease submitted a claim to FEMA on or about April 04, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides

less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

174. Plaintiff Clifford E. Pekoc submitted claims to FEMA on or about July 19, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

175. Plaintiff Lizeth M. Peoble submitted a claim to FEMA on or about August 13, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

176. Plaintiff Prospero L. Pino submitted claims to FEMA on or about March 05, 2024 and March 12, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

177. Plaintiff Stephanie M. Pistner submitted a claim to FEMA on or about October 02, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

178. Plaintiff Janet Pittaway submitted a claim to FEMA on or about August 29, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

179. Plaintiff Gilbert R. Quintana submitted a claim to FEMA on or about March 05, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

180. Plaintiff Timothy Rawls submitted a claim to FEMA on or about July 07, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

181. Plaintiff Michael Shad Robertson submitted a claim to FEMA on or about June 06, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

182. Plaintiff John Robison submitted a claim to FEMA on or about June 30, 2023, pursuant to the HPFAA. Plaintiff claimed, among

other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

183. Plaintiff Austin Rodgers submitted a claim to FEMA on or about May 08, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

184. Plaintiff Frank Rodriguez submitted a claim to FEMA on or about May 30, 2023 and June 26, 2024. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

185. Plaintiff Alfonso Romero submitted a claim to FEMA on or about February 01, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

186. Plaintiff Charley Romero submitted a claim to FEMA on or about June 03, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

187. Plaintiff David Romero submitted a claim to FEMA on or about July 24, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

188. Plaintiff Diane Romero submitted claims to FEMA on or about August 20, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically

excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to other claims, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

189. Plaintiff Eugene A. Romero submitted a claim to FEMA on or about June 11, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

190. Plaintiff George J. Romero submitted a claim to FEMA on or about May 08, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

191. Plaintiff Herman Romero submitted claims to FEMA on or about August 10, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received partial determinations of Plaintiff's claims from FEMA. The decisions provide less than Plaintiff's actual compensatory damages provided in

Plaintiff's claims and categorically exclude compensation for certain items of damages, such as noneconomic nuisance damages.

192. Plaintiff Leonard W. Romero submitted claims to FEMA on or about March 28, 2024 and August 08, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received partial determinations of Plaintiff's claims from FEMA. The decisions provide less than Plaintiff's actual compensatory damages provided in Plaintiff's claims and categorically exclude compensation for certain items of damages, such as noneconomic nuisance damages.

193. Plaintiff Manuel J. Romero submitted a claim to FEMA on or about June 28, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

194. Plaintiff Martin Romero submitted a claim to FEMA on or about April 11, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

195. Plaintiff Pedro D. Romero submitted claims to FEMA on or about July 03, 2023 and July 06, 2023. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the

claims, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to other claims, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

196. Plaintiff Selso Romero submitted a claim to FEMA on or about October 04, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

197. Plaintiff Wayne J. Roper submitted a claim to FEMA on or about July 31, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

198. Plaintiff Kenny Eric Guadalupe Albino Roybal submitted a claim to FEMA on or about March 29, 2024, pursuant to the HPFAA.

Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

199. Plaintiff Lorraine Roybal submitted claims to FEMA on or about September 14, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received partial determinations of Plaintiff's claims from FEMA. The decisions provide less than Plaintiff's actual compensatory damages provided in Plaintiff's claims and categorically exclude compensation for certain items of damages, such as noneconomic nuisance damages.

200. Plaintiff Ruben Roybal submitted a claim to FEMA on or about July 11, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

201. Plaintiff Jeffrey D. Rzepecki submitted a claim to FEMA on or about September 19, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

202. Plaintiff Maria J. Salas submitted a claim to FEMA on or about March 25, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

203. Plaintiff Daniel Salmen submitted a claim to FEMA on or about July 10, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

204. Plaintiff Carol Sanchez submitted a claim to FEMA on or about October 08, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

205. Plaintiff Johnny Sanchez submitted a claim to FEMA on or about September 23, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

206. Plaintiff Josephine Sanchez submitted a claim to FEMA on or about July 21, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

207. Plaintiff Scott Sanchez submitted a claim to FEMA on or about March 29, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision

provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

208. Plaintiff William Anthony Sanchez submitted claims to FEMA on or about April 28, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

209. Plaintiff Angela Sanchez-Martinez submitted a claim to FEMA on or about July 12, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

210. Plaintiff Kara L. Sandifer submitted a claim to FEMA on or about July 19, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

211. Plaintiff Margaret A. Sandoval Phillips submitted a claim to FEMA on or about September 06, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

212. Plaintiff Cynthia Sandoval submitted a claim to FEMA on or about June 12, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial

determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

213. Plaintiff Santa Fe Mountain Ranch Homeowner's Association Inc., a New Mexico Domestic Nonprofit Corporation, submitted a claim to FEMA on or about July 11, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 07, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

214. Plaintiff Michael A. Schmitt submitted a claim to FEMA on or about June 29, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in

Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

215. Plaintiff Michael Schroetke submitted a claim to FEMA on or about June 05, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

216. Plaintiff David L. Sedillo submitted a claim to FEMA on or about July 05, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

217. Plaintiff Sue Ann Sena submitted a claim to FEMA on or about April 26, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

218. Plaintiff Lola Anne Serna submitted claims to FEMA on or about April 11, 2024 and April 12, 2024. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

219. Plaintiff Melissa Serna submitted a claim to FEMA on or about June 17, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 17, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

220. Plaintiff Manuel A. Silva submitted a claim to FEMA on or about May 31, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

221. Plaintiff Lucille Sisneros submitted a claim to FEMA on or about August 19, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

222. Plaintiffs Estate of Jason L. Smith and Brenda L. Romero submitted a claim to FEMA on or about June 18, 2024, pursuant to the HPFAA. Plaintiffs claimed, among other items, noneconomic nuisance damages. Plaintiffs received a partial determination of Plaintiffs' claim from FEMA. The decision provides less than Plaintiffs' actual compensatory damages provided in Plaintiffs' claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

223. Plaintiff Vicki Stiles submitted a claim to FEMA on or about April 10, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

224. Plaintiffs Johnnie Strouse and Eugene Strouse submitted claims to FEMA on or about April 21, 2023, pursuant to the HPFAA. With respect to one claim submitted by Plaintiff Johnnie Strouse, Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 25, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages. With respect to another claim, Plaintiffs claimed, among other items, noneconomic nuisance damages. Plaintiffs received a partial determination of Plaintiffs' claim from FEMA. The decision provides less than Plaintiffs' actual compensatory damages provided in

Plaintiffs' claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

225. Plaintiff TaPetes de Lana, a New Mexico Domestic Nonprofit Corporation, submitted a claim to FEMA on or about June 15, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

226. Plaintiff Linda Tapia submitted a claim to FEMA on or about February 02, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

227. Plaintiff Stacie Ten Brink submitted claims to FEMA on or about August 28, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

228. Plaintiff Justine Thomson submitted a claim to FEMA on or about August 20, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

229. Plaintiff Amos M. Torres submitted claims to FEMA on or about July 12, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claims.

230. Plaintiff Emily Torres submitted claims to FEMA on or about June 06, 2023 and February 01, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received partial determinations of Plaintiff's claims from FEMA. The decisions provide less than Plaintiff's actual compensatory damages provided in Plaintiff's claims and categorically exclude compensation for certain items of damages, such as noneconomic nuisance damages.

231. Plaintiff Ross L. Torres submitted a claim to FEMA on or about May 17, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

232. Plaintiff Judy Townley submitted a claim to FEMA on or about June 27, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 14, 2025. The

final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

233. Plaintiff Dorothy Trujillo submitted a claim to FEMA on or about July 10, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

234. Plaintiff Edward A. Trujillo submitted a claim to FEMA on or about July 12, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

235. Plaintiff Juan F. Trujillo submitted a claim to FEMA on or about May 10, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 09, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

236. Plaintiff Ryan L. Trujillo submitted a claim to FEMA on or about July 11, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

237. Plaintiff Barbara Turpin submitted a claim to FEMA on or about May 02, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 24, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

238. Plaintiff Kenneth J. Ulibarri submitted a claim to FEMA on or about July 07, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of Plaintiff's claim on or about April 10, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

239. Plaintiff Mary Underwood submitted a claim to FEMA on or about July 25, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's "final" determination of Plaintiff's claim on or about November 30, 2024. The "final" decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. Plaintiff filed an Administrative Appeal with FEMA, which was deemed premature by FEMA as other determinations remain outstanding despite a "final" determination being previously issued.

240. Plaintiff Carlitos Urioste III submitted a claim to FEMA on or about December 11, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

241. Plaintiff Stephen D. Urioste submitted a claim to FEMA on or about July 29, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

242. Plaintiff Bernadette S. Urrutia submitted a claim to FEMA on or about September 04, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

243. Plaintiff George T. Vasquez submitted a claim to FEMA on or about September 16, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

244. Plaintiff Lorraine B. Vasquez submitted a claim to FEMA on or about September 17, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

245. Plaintiff Sarah Vasquez submitted claims to FEMA on or about June 12, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received a partial determination of Plaintiff's claim

from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

246. Plaintiff Alfred J. Vigil submitted a claim to FEMA on or about June 17, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

247. Plaintiff Amanda Vigil submitted a claim to FEMA on or about October 10, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

248. Plaintiff Daniel A. Vigil submitted a claim to FEMA on or about September 17, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

249. Plaintiff Ida Vigil submitted claims to FEMA on or about October 18, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received FEMA's final determination of Plaintiff's claim on or about March 24, 2025. The final decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

250. Plaintiff John A. Vigil submitted a claim to FEMA on or about August 13, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

251. Plaintiff Livorio E. Vigil submitted a claim to FEMA on or about March 29, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

252. Plaintiff Sara Villa submitted a claim to FEMA on or about June 29, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

253. Plaintiff John P. Walsh submitted a claim to FEMA on or about May 29, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

254. Plaintiff Chad Walters submitted claims to FEMA on or about October 31, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, over

180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

255. Plaintiff Jimmy Weathers submitted a claim to FEMA on or about December 11, 2023. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

256. Plaintiff Tyler White submitted a claim to FEMA on or about July 29, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

257. Plaintiff Joseph Carl Wickert submitted a claim to FEMA on or about February 15, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

258. Plaintiff Claudia Wier submitted a claim to FEMA on or about June 18, 2024 and October 08, 2024. Plaintiff claimed, among other items, noneconomic nuisance damages. With respect to one of the claims, Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages. With respect to another claim, over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

259. Plaintiff Charles Delano Williamson submitted a claim to FEMA on or about May 15, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

260. Plaintiff James Wofford submitted a claim to FEMA on or about October 03, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in

Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

261. Plaintiff John Wooley submitted a claim to FEMA on or about June 06, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a partial determination of Plaintiff's claim from FEMA. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

262. Plaintiff Johnny N. Yara submitted a claim to FEMA on or about June 17, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

263. Plaintiff Gloria J. Young submitted a claim to FEMA on or about October 03, 2024. Over 180 days have since passed and Plaintiff has not received a determination on Plaintiff's claim.

264. Defendant FEMA is an executive agency of the United States government, and bears responsibility in whole or part for the acts or omissions complained herein, including promulgating the Rule.

Under the HPFAA, FEMA is directed to receive, process, and pay claims in accordance with the HPFAA.[1]

265. Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, Inclusive, and therefore sue them by such fictitious name Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

## Background

### 1. The federal government enacted the HPFAA to promptly compensate victims of the Hermit's Peak/Calf Canyon Fire.

266. On April 6, 2022, the U.S. Forest Service initiated a prescribed burn on federal land in the Santa Fe National Forest in San Miguel County, New Mexico. The prescribed burn got out of control, resulting in a wildfire that spread to adjacent, non-federal land, and merged with another fire.[2] The fire, known as the Hermit's Peak/Calf Canyon Fire, is the largest fire in New Mexico history. It forced

[1] *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).

[2] *Id.*, § 102(a)(1)–(4), 136 Stat. at 2168.

thousands of residents to evacuate and ultimately destroyed 903 structures, including several hundred homes, and burned 341,471 acres of land, trees, and vegetation.

267. The President declared the Hermit's Peak Calf Canyon Fire "a major disaster," and Congress acknowledges its impact, recognizing forced evacuations, and damage or destruction of state, local, tribal, and private property in Colfax, Mora, and San Miguel counties in New Mexico.[3] The President reaffirmed that the people of New Mexico will have the full support of the federal government, and that every effort will be made to provide immediate help to people in the impacted communities and support the State throughout its recovery.

268. Congress determined that "the United States should compensate the victims of the Hermit's Peak Fire."[4]

269. On September 30, 2022, Congress enacted—and the President signed—the HPFAA.[5]

---

[3] *Id.*, § 102(a)(5)–(6), (9), 136 Stat. at 2168–69.

[4] *Id.*, § 102(a)(10), 136 Stat. at 2169.

[5] Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,731.

270. The HPFAA's stated purposes are "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire."[6]

271. Congress initially allocated $3.95 billion to compensate victims of the Hermit's Peak/Calf Canyon Fire under the HPFAA.[7]

272. Under the HPFAA, claimants are entitled to "payment under this Act" for "actual compensatory damages" to be determined "[n]ot later than 180 days after the date on which a claim is submitted under this Act." HPFAA, Pub. L. No. 117-180, §§ 102(b), 104(c)(3).

### 2. The HPFAA entitles plaintiffs to compensation for interference with personal comfort, inconvenience, and annoyance.

273. The HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[8]

---

[6] Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).

[7] FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concerns%20from%20the%20community.

[8] Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

274. The HPFAA repeatedly invokes New Mexico law to define the scope of damages recoverable under the Act. First, the HPFAA flatly states "the laws of the State of New Mexico shall apply to the calculation of damages."[9] Second, the HPFAA expressly incorporates the definition of a compensable "injury" from the FTCA, which in turn compensates "claimant[s] in accordance with the law of the place where the act or omission occurred."[10]

---

[9] *Id.*, § 104(c)(2), 136 Stat. at 2170; *see also* 44 C.F.R. § 296.21(a) ("The laws of the State of New Mexico will apply to the calculation of damages.").

[10] Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(1), 136 Stat. 2168, 2170 (2022) ("Each injured person shall be eligible to receive from the United States compensation for injury suffered by the injured person as a result of the Hermit's Peak/Calf Canyon Fire."); *id.*, § 103(5), 136 Stat. at 2169 ("The term 'injury' has the same meaning as the term 'injury or loss of property, or personal injury or death' as used in section 1346(b)(1) of title 28, United States Code."); 44 C.F.R. § 296.4 ("'Injury' [under the HPFAA] means 'injury or loss of property, or personal injury or death,' as used in the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1)."); 28 U.S.C. § 1346(b)(1) (making "the United States" liable "for money damages … under circumstances where … a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred"].)

275. Under New Mexico law, a wildfire that damages or disrupts the real or personal property of a "considerable number of people" is a "nuisance."[11]

276. And under New Mexico law, nuisance victims are entitled to noneconomic damages for interference with personal comfort, annoyance, and inconvenience *in addition to* their economic losses.[12]

277. Accordingly, under the HPFAA, FEMA must award claimants noneconomic damages for interference with personal comfort, annoyance, and inconvenience. But FEMA has categorically excluded

---

[11] *City of Sunland Park v. Harris News, Inc.*, 124 P.3d 566, 577 (N.M. Ct. App. 2005); *New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1185, 1239–41 (D.N.M. 2004).

[12] *Aguayo v. Village of Chama*, 449 P.2d 331, 333 (N.M. 1969) ["[T]he rule [for nuisance claims] is that … personal damages [for discomfort, annoyance, etc.] are recoverable in addition to, or separate from, damages for diminution in rental or use value."]; *Padilla v. Lawrence*, 685 P.2d 964, 969 (N.M. Ct. App. 1984) ("A plaintiff in a private nuisance action may seek compensation for interference with personal comfort as well as for diminution in property value."); *see also* N.M. Const., art. II, § 4 ("All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness.").

noneconomic damages for nuisance in its final determinations of Plaintiffs' claims.

### 3. Plaintiffs have a right to judicial review of FEMA's final determination of their claim.

278. The HPFAA provides the right for judicial review of any final decision of the Administrator. Specifically, the HPFAA states "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision, in whole or in part."[13]

279. FEMA's Final Rule requires Plaintiffs complete an administrative appeal process. However, FEMA has already delayed providing a determination to Plaintiffs well beyond the mandated 180-day deadline provided in the HPFAA. Moreover, FEMA has provided no deadline for FEMA to render its decision on appeal.

---

13 Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

280. Plaintiffs are informed and believe FEMA has placed a hold on processing administrative appeals pending the Court's decision on whether noneconomic damages are recoverable under the HPFAA.

281. Plaintiffs now seek judicial review of FEMA's final determination of their claims.

## COUNT I
## (Judicial Review of Agency Action under the HPFAA)

282. All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

283. FEMA is the agency appointed as the "Administrator" of the HPFAA.[14]

284. FEMA's final determination of Plaintiffs' claims submitted pursuant to the HPFAA is a final agency action made reviewable by the HPFAA.[15]

285. The final determinations of Plaintiffs' claims are not in accordance with the law. HPFAA entitles claimants to noneconomic damages for interference with personal comfort, annoyance, and

---

14 *Id.* § 103(1)(A), 136 Stat. 2168, 2169 (2022).

15 *Id.* § 104(i)(1), 136 Stat. 2168, 2173 (2022).

inconvenience, and the Final Determinations categorically refuse to award those same damages, among other damages.

286. FEMA's categorical exclusion of certain items of damages, such as noneconomic damages harms Plaintiffs and other similarly situated Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

287. Plaintiffs seek judicial review of FEMA's final determinations of their claims.

288. Notably, not every Plaintiff has received a final determination of their claim. The Administrator is required to determine and fix the amount, if any, to be paid on a claim "not later than 180 days after the date on which the claim is submitted."[16]

289. FEMA's failure to issue a final decision within the statutorily mandated 180 days has prevented Plaintiffs' 60-day review period from ever beginning to run.

290. In addition, the 60-day deadline to seek judicial review is tolled. Where an agency has failed to render a timely decision, courts

16 *Id.* § 104(d)(1)(A)(i), 136 Stat. 2168, 2171 (2022).

apply equitable tolling to preserve the claimant's right of review, particularly where the claimant has been induced into allowing the filing deadline to pass.[17]

291. By FEMA's own inducement, including any delays or extensions, Plaintiffs reasonably relied on that timeframe.

292. Accordingly, Plaintiffs' 60-day deadline to seek judicial review under Section 104(i)(1) has not begun on claims that FEMA has failed to issue a determination and should be equitably tolled until sixty days after FEMA issues its final decision on Plaintiffs' respective claims.

293. Additionally, because the Administrator is required to fix and determine the amount to be paid on a claim not later than 180 days after the date on which the claim is submitted, if FEMA fails to issue a final decision within 180 days of claim submission, Plaintiffs' claims as set forth on their respective Proof of Loss should be deemed admitted and constitute a final determination in Plaintiffs' favor resulting in an award of the full amount claimed.

---

[17] *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990) (applying equitable-tolling principles to suits against the United States).

## Prayer for Relief

Wherefore Plaintiffs respectfully request that this Court:

1. Review, modify or set aside FEMA's final determination of Plaintiffs' claims and award Plaintiffs all their claimed damages permitted under the Hermit's Peak/Calf Canyon Fire Assistance Act;

2. For Plaintiffs who have not received a determination from FEMA on their claim within 180 days from the date of submission, deem the claim admitted as a final decision in Plaintiffs' favor and award Plaintiffs the full amount of their claims as listed on their respective Proof of Loss; and

3. Grant such other relief as the Court deems just and proper.

Dated: May 2, 2025

Respectfully submitted:
SINGLETON SCHREIBER, LLP

<u>*/s/ Brian S. Colón*</u>

Brian S. Colón
Jesse Gallegos
SINGLETON SCHREIBER LLP
6501 Americas Pkwy. NE, Ste. 670
Albuquerque, NM 87110
(505) 587-3473
*bcolon@singletonschreiber.com*
*jgallegos@singletonschreiber.com*

Gerald B. Singleton
Benjamin I. Siminou
Jonna Lothyan
SINGLETON SCHREIBER LLP
591 Camino de la Reina, Ste 1025
San Diego, CA 92108
(619) 704-3288
*gsingleton@singletonschreiber.com*
*bsiminou@singletonschreiber.com*
*jlothyan@singletonschreiber.com*